So Ordered.

Dated: July 26th, 2016



Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>ELIZABETH GRACE BAINTON,<br><br>Debtor. | Case No. 12-02968-FPC7<br><br>**FINDINGS OF FACT AND ORDER RE: TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION** |

THIS MATTER came before the court on the Trustee's Final Report and Applications for Compensation of the Trustee and the attorney for the Trustee, Layman Law Firm PLLP (ECF No. 67). The court heard from the debtor, the debtor's son, Patric Held, Bruce Boyden, as the duly appointed Chapter 7 Trustee ("Trustee"), and J.J. Thompson, attorney for Layman Law Firm PLLP ("Layman"), and reviewed the following documents filed in the case:

1. Application for Order Approving Employment of Layman (ECF No. 25);

2. Order Approving Employment [of Layman] Under 11 U.S.C. § 327 by Trustee/Debtor-In-Possession (ECF No. 29);

3. Order Approving Settlement Agreement and Scheduling Hearing on Distribution of Settlement Funds (ECF No. 54);

4. Debtor's Amended Schedules B and C (ECF No. 55);

5. Layman's Application for Award of Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330, and for Approval of the Payment of Bank Fees (ECF No. 65);

FINDINGS OF FACT AND ORDER RE: TRUSTEE'S . . . – Page 1

6. Trustee's Amended Application for Award of Compensation for Services Rendered and Reimbursement of Expenses Pursuant to 11 U.S.C. § 330, and for Approval of the Payment of Bank Fees (ECF No. 66);

7. Trustee's Final Report (ECF No. 67);

8. Notice of Trustee's Final Report and Applications for Compensation (ECF No. 68);

9. Debtor's Objection to "Summary of Trustee's Final Report and Applications for Compensation" (ECF No. 72);

10. Declaration of Patric Jean Pascal Held (ECF No. 73);

11. Declaration of Elizabeth Grace Bainton (ECF No. 76);

12. Trustee's Response to Debtor's Objection to Trustee's Notice of Final Report and Applications for Compensation (ECF No. 77);

13. Declaration of Elizabeth Grace Bainton, Part Two (ECF No. 79);

14. Debtor's Response to Trustee's Response to Debtor's Objection to Trustee's Notice of Final Report (ECF No. 80);

15. Debtor's Response to Trustee's Response to Debtor's Objection to Trustee's Notice of Final Report (ECF No. 81); and

16. July 21, 2016 letter from Patric Held (ECF No. 87).

Based on the foregoing, the court makes the following findings of fact:

1. On March 12, 2014, the court approved the Trustee's employment of Layman. Layman was employed to represent the Trustee in connection with the bankruptcy estate's interest in the debtor's medical malpractice claim against Rite Aid Pharmacy ("Rite Aid").

2. Layman's services to the Trustee resulted in Rite Aid offering to pay $125,000 to settle the estate's claim. The Trustee and Layman represented to the court that the settlement offer was reasonable and should be approved.

**FINDINGS OF FACT AND ORDER RE: TRUSTEE'S . . . – Page 2**

3. In connection with approving the Trustee's proposed settlement of the claim against Rite Aid for $125,000, and after reasonable notice to the debtor, the court held a hearing on March 8, 2016. The Trustee and a representative of Layman appeared at the hearing and represented to the court that the proposed compromise was in the best interest of the bankruptcy estate. The debtor did not appear. The court, after finding that the settlement was reasonable and in the best interests of the debtor and the bankruptcy estate, approved the compromise. However, the court reserved issues relating to the debtor's exemption of a portion of the settlement proceeds and the amount of administrative expenses that should be approved. The order approving the compromise was entered on March 9, 2016 (ECF No. 54). At the hearing, the court expressed some concern about approving Layman's fees in an amount equal to 45 percent of the recovery as was provided for in the Medical Malpractice Contingent Fee Agreement.

4. On March 29, 2016, the debtor amended her schedules to claim a $20,000 exemption in the settlement proceeds. No party objected to the $20,000 exemption claim.

5. On May 3, 2016, a hearing was held in open court and the court explained to the debtor that an order had been entered approving the $125,000 settlement.

6. The Trustee's Final Report was filed on June 8, 2016 and Notice of Trustee's Final Report was mailed to all the parties listed on the master mailing list on June 9, 2016. The U.S. Trustee reviewed the Trustee's Final Report on June 8, 2016, and approved the fee applications included in the Final Report on June 14, 2016.

7. The Trustee's Notice of Final Report proposed the $125,000 settlement proceeds be disbursed as follows:

    a) $20,000 to the debtor pursuant to her claim of exemption;

    b) $768.89 to Layman for subrogation costs;

    c) $191.23 for bank fees incurred by the bankruptcy estate;

    d) $8,475.89 for fees to the Trustee and $123.34 to the Trustee to reimburse him for costs incurred;

e) $42,041.20 to Layman for fees (approximately $14,000 less than the amount provided for in the Medical Malpractice Contingent Fee Agreement) and $41,958.80 to reimburse Layman for costs incurred;

f) $10,868.39 for allowed unsecured claims; and

g) a small surplus would be available for other parties.

8. Trustee's fees in the amount of $6,370, and reimbursement of the Trustee's costs in the amount of $123.34, are reasonable. These fees and costs were necessarily incurred for the benefit of the bankruptcy estate.

9. Layman's fees in the amount of $42,041.20, and reimbursement of Layman's costs in the amount of $37,458.80, are reasonable. These fees and costs were necessarily incurred for the benefit of the bankruptcy estate.

10. The reasonable fees and costs described above were less than the amount that the Trustee and Layman originally requested.

11. The payment of the subrogation costs and bank fees, as proposed in the Trustee's Notice of Final Report, are appropriate.

12. The Medical Malpractice Contingency Fee Agreement between debtor and Layman originally provided for a 45 percent contingency fee, but the Layman fees approved by the court equals approximately 33.6 percent of the gross settlement proceeds.

13. The expenses originally requested by Layman were $41,958.80. The amount the court finds to be reasonable is $4,500 less.

14. The Trustee originally requested fees in the amount of $8,475.89. The amount the court finds to be reasonable is $2,105.89 less.

15. As a result of the court approving less in fees and costs than what was requested by Layman and the Trustee, the debtor will receive substantially more than $20,000 of the settlement proceeds.

16. The efforts of the Trustee and Layman will result in the payment in full of all allowed general unsecured claims, the total of which the Trustee estimates to be $10,868.39.

**FINDINGS OF FACT AND ORDER RE: TRUSTEE'S . . . – Page 4**

17. The debtor would not have been able to receive funds from the bankruptcy estate if it were not for the efforts of the Trustee and Layman.

18. Based on the explanations provided by the Trustee and a representative for Layman at the July 26, 2016 telephone status conference, the court confirmed that the above findings are appropriate.

Based on the foregoing, the court orders the Trustee to promptly present orders that approve fees and costs consistent with the above findings.

///END OF FINDINGS OF FACT AND ORDER///